IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 3:17-CR-30202-NJR-1 |
| **JOHN W. FRAZIER,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion for Compassionate Release under the First Step Act filed *pro se* by Defendant John W. Frazier (Doc. 40) and the supplemental motion filed by his counsel (Doc. 43). Frazier asks the Court to reduce his sentence to time-served due to the COVID-19 pandemic and his serious health conditions, as well as the Bureau of Prisons' mismanagement of those conditions. The United States opposes a reduction in sentence (Doc. 45). For the reasons set forth below, the motions are denied.

### BACKGROUND

On July 27, 2018, now-retired District Judge Michael J. Reagan sentenced Frazier to 120 months' imprisonment and five years' supervised release following his guilty plea to Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). Frazier, who is now 27 years old, traveled from Kentucky to Collinsville, Illinois, to meet a 15-year-old girl for

illegal sexual activity (Doc. 22). He also sent photos of his penis to the victim and requested nude photos of her (Doc. 24). The victim told investigators that she thought Frazier was "ok" because he was a preacher and his church was on Facebook (*Id.*). Even after Frazier's arrest and incarceration, he continued to contact the victim (*Id.*). He wrote a letter to the victim confessing his love for her and directed his mother to read the letter to the victim (*Id.*). Frazier is housed at FCI Forrest City Low with an anticipated release date of June 18, 2026. *See* https://www.bop.gov/inmateloc (last visited July 15, 2020).

With regard to his health issues, counsel notes that Frazier is obese and takes an immunosuppressing drug, Humira, for severe hidradenitis suppurativa—a skin condition that causes small, painful lumps to form under the skin (Doc. 43, 43-1). Frazier argues that people with weakened immune systems are at higher risk of getting severely sick from COVID-19.

On May 1, 2020, Frazier tested positive for COVID-19, but was asymptomatic (Doc. 43). Despite having no symptoms, Frazier argues that the risk of reinfection is unknown, and the BOP's infection prevention measures—particularly at FCI Forrest City—are insufficient to allow him to avoid reinfection. Frazier further argues that this risk, as well as the Bureau of Prisons' general failure to provide appropriate medical care for his hidradenitis suppurativa and back pain, amounts to extraordinary and compelling reasons warranting compassionate release.

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C.

§ 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[1]

After such a motion is filed, either by the Director of the BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety

---

[1] The United States does not contend that Frazier has failed to exhaust his administrative remedies.

of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

**A.     COVID-19**

Under Note 1(A)(ii), extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. Frazier argues that his obesity, as well as his use of Humira—a drug that can lower the ability of one's immune system to fight infections—make him susceptible to severe illness from COVID-19 and, thus, constitute an extraordinary and compelling reason for compassionate release.

The Government disputes Frazier's assessment of his obesity, but acknowledges that Frazier's use of Humira makes him immunocompromised and, therefore, at a higher risk of severe illness as a result of COVID-19. As the Government points out, however, Frazier already contracted COVID-19, exhibited no symptoms whatsoever, and was released from medical isolation on June 11, 2020.

In reply, Frazier cites to the undersigned's recent Order in *United States v. Lauderdale*, in which the Court, in granting compassionate release, noted the uncertainty of whether one can be re-infected with the virus and the possible health consequences of a second infection. *United States v. Lauderdale*, Case No. 07-cr-30052-NJR (Doc. 209).

In *Lauderdale*, however, the defendant was over the age of 60 and suffered from uncontrolled diabetes and kidney disease. *Id.* Additionally, Lauderdale's medical issues

were not the only basis for granting compassionate release, as he presented various "Other Reasons" under Application Note 1(D), including his wife's stage IIIC cancer, his model behavior during his 14 years in custody, and his tremendous family and community support. *Id.*

Here, Frazier is relatively young at 27 years old, and he already contracted and recovered from an asymptomatic case of COVID-19. While the Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the Bureau of Prisons, "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Sheppard*, No. 09-30001, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020). Under the circumstances of this case, the Court finds that Frazier's medical conditions, when combined with the COVID-19 pandemic, do not warrant compassionate release.

B.      **Mismanagement of Medical Conditions**

Frazier also asserts that the Bureau of Prisons' mismanagement of his medical care constitutes an extraordinary and compelling reason for compassionate release, alone or in conjunction with COVID-19. Frazier details the severe nature of his hidradenitis suppurativa and his need to see a plastic surgeon for removal of all of the involved tissues. He notes that he constantly lives with multiple open wounds over his neck, back, and groin that are painful, limit his mobility, and have led to severe infections. Yet, the BOP delayed appropriate medical care, leading to a staph infection that required hospitalization and intravenous antibiotics. While Frazier was scheduled to see a general

surgeon, the surgeon determined that a referral to a plastic surgeon was necessary. To date, Frazier has yet to see a plastic surgeon, while his open wounds continue to burst and become infected.

Frazier also argues that the BOP has mismanaged care of his chronic back pain, which is the result of a back injury he suffered in 2013. In May 2015, Frazier had surgery to address the injury, and he continues to have pain and arthritis. Frazier asserts that the prescribed Naproxen does not relieve his pain, and FCI Forrest City does not have the resources to provide the nerve ablation treatments he was receiving prior to incarceration.

In response, the Government argues that Frazier's assertions regarding his medical care are conclusory and unsupported by the evidence. The Government notes that Frazier has seen a dermatologist several times and that patient literature issued by the dermatologist in June 2019 cautioned, "You may need to try several treatments to find what works best for you." (Doc. 43-3 at p. 155).

The undersigned agrees with the Government and declines to find that the prison's failure to treat Frazier's medical conditions in the manner that he would prefer is a reason to grant compassionate release. In the case cited by Frazier for support, *United States v. Beck*, the inmate was suffering from invasive breast cancer that metastasized to her lymph nodes after the prison waited eight months to have her lumps biopsied and two additional months for surgery. *See United States v. Beck*, 425 F. Supp. 3d 573, 581 (M.D.N.C. 2019). The court in that case determined that delays in treatment increased the risk that the inmate's cancer would spread and "compromised her prospects for

survival." *Id.* For those reasons, the court found that extraordinary and compelling reasons existed for reducing the defendant's sentence. *Id.* at 582.

Here, however, Frazier has received treatment for his medical problems, although not always the treatment he would prefer or as quickly as he would like. Furthermore, unlike *Beck*, Frazier's issues were not life threatening. Simply put, Frazier's medical conditions, alone or in conjunction with the treatment he has received in prison, do not constitute extraordinary and compelling reasons for reducing his sentence to time served.

C.     **18 U.S.C. § 3553(a)**

Even if the Court were to find that Frazier's medical conditions, alone or in conjunction with the COVID-19 pandemic, constituted extraordinary and compelling reasons for a sentence reduction, the § 3553(a) factors and the requirement that the defendant not be "a danger to the safety of any other person or to the community" weigh against releasing him. Frazier preyed on a minor female, used his status as a preacher to gain her trust, sent pornographic photos to her and requested the same in return, and then traveled from Kentucky to Illinois to sexually abuse her. Notably, even after his incarceration, he continued to try to contact the victim. Based on this conduct, the Court cannot guarantee that Frazier would not be a danger to the safety of any other person or the community if he were released—even with sex offender registration requirements in place.

Moreover, Frazier has served only two years of his 10-year sentence. Reducing his sentence to time-served would fail to reflect the seriousness of his crime, promote respect for the law, or provide just punishment for the offense. The Court also fears his short

incarceration would be insufficient to deter Frazier from future criminal conduct with minors or to protect the public from further crimes. Accordingly, after considering the § 3553(a) factors, the Court finds that Frazier's request for compassionate release must be denied.

## CONCLUSION

For these reasons, the *pro se* Motion for Compassionate Release filed by Defendant John W. Frazier (Doc. 40) and the supplemental motion filed by counsel (Doc. 43) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 15, 2020

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**