UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

United States of America,    )        17-CR-30202
                             )
                             )
            Plaintiffs,      )
                             )
      Vs.                    )        East St. Louis, Illinois
                             )        July 27, 2018
John W. Frazier,             )
                             )
            Defendants,      )

TRANSCRIPT OF DISPOSITION,
BEFORE THE HONORABLE MICHAEL J. REAGAN,
UNITED STATES DISTRICT JUDGE.


APPEARANCES:

For the Plaintiffs:        Assistant U.S. Attorney
                           By:  Laura V. Reppert
                           9 Executive Drive
                           Fairview Heights, IL

For the Defendants:        Coble & Milone
                           By:  Gary E. Milone, Sr.
                           832 West North Avenue
                           Flora, IL  62839

Court Reporter:            Barbara Kniepmann
                           750 Missouri Avenue
                           East St. Louis, IL  62202

Proceedings recorded by mechanical stenography, transcript
produced by computer.

1    (Whereupon the following proceedings were held in open

2  Court.)

3          THE COURT:  Good morning all.  Please be seated.

4          The next case on the Court's docket is United States

5  of America against John W. Frazier, 17-CR-30202.

6          The defendant has a two count Indictment to which he

7  pled guilty.  Count 1 is enticement of a minor.  Count 2 is

8  travel with intent to engage in illicit sexual conduct.

9          Miss Reppert is here for the United States.  Miss

10  Reppert, good morning.  Mr.  Milone and Mr. Frazier, good

11  morning.

12          MS. REPPERT:  Good morning.

13          MR. MILONE:  Good morning.

14          THE COURT:  There were no objections filed to the

15  Presentence Report.  I have received two separate mailings

16  from Mr. Milone with letters in support of Mr. Frazier.

17          Mr. Frazier, your Presentence Investigation Report is

18  at Document 24 in our electronic filing system.  It is a total

19  of 116 numbered paragraphs and 23 pages in length.  Have you

20  gone over that in detail with your attorney, Mr. Milone?

21          MR. FRAZIER:  Yes, Your Honor.

22          THE COURT:  Is everything in the report true, correct

23  and accurate?

24          MR. FRAZIER:  Yes.

25          THE COURT:  Do you have any objections to anything in

1  the report?

2        MR. FRAZIER:  No.

3        THE COURT:  The Court accepts the Presentence

4  Investigation Report in its current form and I adopt the

5  factual findings therein.  I note that under the statute the

6  term of custody as to Count 1 is a mandatory minimum of ten

7  years with a maximum of life incarceration.  Count 2 is

8  anywhere from probation to 30 years.  Supervised release on

9  each count is five years to life and that would run concurrent

10  and not consecutive.  There is no eligibility for probation

11  under the statute because of the mandatory minimum.  Potential

12  fine on each count of $250,000.  Restitution may or may not be

13  determined in the future and there is a special assessment of

14  $200 or $100 per count.

15        Under the advisory U.S. Sentencing Guidelines, given

16  a total offense level of 31, criminal history category one

17  based upon zero points, the guidelines suggest a 108 to a 135

18  month sentence, however, with the mandatory minimum the

19  guidelines suggest a 120 month sentence.  Supervised release

20  under the guidelines, five years to life.  No eligibility for

21  probation under the guidelines.  The guideline fine range is

22  $30,000 to $300,000 and I make the same conclusion as to

23  restitution, special assessment and forfeiture that I made

24  under the statute.

25        Miss Reppert, do you object to any of the

1 conclusions?

2      MS. REPPERT:  No, Your Honor.

3      THE COURT:  Mr. Milone?

4      MR. MILONE:  No, Your Honor.

5      THE COURT:  Ms. Reppert, for the record can you

6 indicate victim witness notification?

7      MS. REPPERT:  Yes, Your Honor.  The U.S. Attorney's

8 office has sent four different notices to the victim's

9 guardian in this case, two in January of 2018 and one

10 notification on March 29th of 2018 and another on April 9th of

11 2018 with a victim impact statement information for sentencing

12 today.  Additionally I had placed phone calls to the legal

13 guardian shortly before the change of plea in April of 2018

14 and around the time of the PSR disclosure in June with no

15 success.  At this time the United States does not have a

16 victim impact statement or any restitution request to make to

17 the Court at this time.

18      THE COURT:  Thank you.  I recognize you for your

19 recommendations with respect to sentencing in this case.

20      MS. REPPERT:  Thank you, Your Honor.  Your Honor, I

21 saw the sentencing memo that had been filed by defense counsel

22 and for different reasons we agree 120 months is an

23 appropriate sentence in this case, that it is sufficient but

24 not greater than necessary to accomplish the goals of 3553(a).

25 So we're recommending a term of imprisonment of 120 months,

1  which is the de facto low end guideline when you factor in the

2  statutory minimum recommending a term of supervised release of

3  five years, fine within the discretion of the Court and as

4  indicated we're not requesting restitution based on no contact

5  with the victim or her guardian.

6          I mean it is clear that when Congress set the penalty

7  for enticement at a ten year mandatory minimum they intended

8  to severely punish anyone engaging in this kind of activity.

9  It just so happens in this case that the guidelines range

10  falls in line with the statutory minimum and it really kind of

11  falls within the heartland of these kind of cases, so 120

12  months seems appropriate in this case.

13          When I read through the defendant's sentencing memo,

14  I didn't take major issue with it, but there are important

15  things to note for the Court in terms of the nature and

16  circumstances of this offense that I would consider to be

17  aggravating factors.  Number one, the defendant was enrolled

18  in a Bible college and held himself out to be a baptist

19  minister to the victim.  That is accounted for in the

20  guidelines however, under the unduly influenced the minor, a

21  specific offense characteristic.  Number two, in terms of

22  pointing out to the Court something in particular about the

23  nature and circumstances of the offense in paragraph 21 of the

24  PSR, it talks about the defendant was aware that the victim

25  wanted to run away from home or wanted to leave home.  To

provide added context to the Court, the victim is living with,
I believe, her grandmother, her legal guardian.  The reason
why is her father is currently serving a term of imprisonment
for a fatal DUI accident that killed a number of her family
members, so this victim was experiencing some serious
tumultuous times living with a legal guardian and going
through that experience, and so in terms of the defendant
being aware that she wanted to leave home, that certainly
factored into it.  The third thing I want to note in terms of
nature and circumstances of the offense, the defendant
characterized it as an isolated incident in his sentencing
memo.  I would disagree with the characterization.  It is
clear the defendant struck up an online relationship with this
victim that spans a number of months leading up to the contact
in Collinsville.  I would say to call it an isolated incident
would be, again, a mischaracterization.  This was something
where the defendant kind of built the relationship and
eventually culminated it by traveling from Kentucky to
Collinsville.

          THE COURT:  I took that more as --

          MS. REPPERT:  Specific to the victim.  There is no
evidence of other victims.  But again, there was a progression
to this point to where the defendant did come to Collinsville.

          The history and characteristics of the defendant,
there is nothing that really stands out.  He said he has fond

1    memories of his childhood.  Looked like he had a strained

2    relationship with his father that has since been repaired.

3    Certainly experienced health difficulties, both physical and

4    mental.  He has abused prescription drugs in the past.  He has

5    a high school equivalency, some college.  Again, it is

6    troubling that a lot of times education is a mitigating factor

7    that people are working towards a degree.  But again, the fact

8    that he was working towards a degree in ministry and was

9    actually engaging in this conduct I think is actually

10   aggravating in this case.  He has a decent employment history

11   until he started experiencing health difficulties.

12          When it is all said and done in terms of the goals of

13   3553(a) that the sentence should reflect the seriousness of

14   the offense, promote respect for the law, provide just

15   punishment, afford adequate deterrence to criminal conduct and

16   protect the public, I certainly think a ten year sentence is

17   going to accomplish all of those things that engaging in

18   conduct like this will warrant severe and significant

19   consequences which Mr. Frazier is facing today.  So I

20   certainly would hope that a ten-year sentence would deter him

21   in the future from engaging in similar conduct.  For those

22   reasons, Judge, we're asking for 120 months in the Bureau of

23   Prisons followed by five years supervised release.  Thank you.

24          THE COURT:  Thank you.  Mr. Milone?

25          MR. MILONE:  Thank you, Your Honor.  May it please

1    the Court, counsel.  Your Honor, counsel's comment about this

2    being an isolated incident, I think the Court has interpreted

3    our reference to that in the Sentencing Memorandum the way we

4    intended it, that it is isolated as it only involves one

5    victim.  We acknowledge that there was a long period of time

6    that these two people communicated before meeting.

7         Everyone has to take responsibility for their own

8    actions.  I see something like this, I see Mr. Frazier's

9    background; never been in trouble before, was helping to

10   support his mother and other family members, and one of the

11   letters that the Court received, I believe it might have been

12   from the youth pastor, mentioned John's past being somewhat

13   isolated, shy, reserved type of person, no relationship

14   experience to speak of, and so we can't blame social media for

15   this.  I see so many things where it is tempting to blame

16   social media, but we do take responsibility for our own

17   actions so we can't pass the buck, so to speak, on to social

18   media.  I don't know if I picked this up at a seminar or

19   something I have heard somewhere, but, you know, I tell my

20   clients that the E in e-mail stands for exhibit, because they

21   get wrapped up in these communications and there are no social

22   cues.  They are not facing a person.  They are saying things

23   that they might not otherwise say in person.  That doesn't

24   take away the truth of what happened necessarily here, but it

25   does create this environment for people.  These two folks met

1    in a chat room.  So it is just -- we see more and more of this

2    everywhere and in all different types of settings.  That's no

3    defense.  It doesn't excuse the conduct.  For someone in

4    Mr. Frazier's -- with his background and social skills, it is

5    not an excuse, but it might help to explain his conduct; that,

6    coupled with his family history.  So we do believe that a 120

7    month sentence, which is the statutory mandatory minimum, is

8    sufficient to meet the requirements of the sentencing statute

9    of 3553 and would ask the Court to consider that sentence as

10   appropriate.

11          As to the fine, we indicate in our Sentencing

12   Memorandum that the fine, we believe, should be minimum given

13   his financial circumstances, the fact that he is going to be

14   receiving a fairly lengthy sentence of incarceration.  There

15   is reference in the Presentence Report about substance abuse

16   issues.  Mr. Frazier had injured his back at work and became

17   addicted to pain medication and actually did abuse that for a

18   period of time.  So to the extent we can, we would ask the

19   Court to recommend placement in an RDAP or some other

20   appropriate drug treatment program.  Whether he gets any kind

21   of credit for it or not against his sentence isn't the

22   question or the issue, but he would like to get that help.

23          The other thing is given the nature of the charge,

24   there is a sex offender treatment program, we believe, at

25   Marion.  Marion is really about the closest facility to his

1   mother that there is, we believe, so he is also asking the

2   Court to make a recommendation that he be placed in the Bureau

3   of Prisons at Marion.  He understands it is not binding on the

4   Bureau of Prisons.

5          In any event, Your Honor, we do believe a ten year

6   sentence is sufficient to serve as punishment and deterrence

7   both to him and the public for this type of an offense.  We

8   would ask the Court to do so.  Thank you.

9          THE COURT:  Thank you, Mr. Milone.

10         Mr. Frazier, it is your turn to talk if there is

11  anything you want to say.  Please come up to the microphone.

12         MR. FRAZIER:  Thank you, Your Honor.  I want to start

13  off by saying that I am sorry to you for having to deal with

14  me this way and I am also sorry to the prosecutor and the

15  detectives in my case and all of the other officials that are

16  involved.  I am completely repentant for what I have done.  I

17  am sorry also to the victim, my victim in the case.  I am

18  sorry to the families, both hers and mine, for what I am

19  putting them through.  I am sorry to my church and my school,

20  my friends.  Most of all, I am sorry to God for what I have

21  done, Your Honor.  I have asked God for grace and mercy and

22  forgiveness and today I am asking the Court for grace and

23  mercy.  What I have done won't be forgotten by so many or

24  forgiven.  I have lost friends and loved ones the past seven

25  months I have been incarcerated.  I am just 25 years old and

1 I'll be at least in my 30's before I get released.  I'm sure

2 to lose more friends and loved ones.  I pray and I beg you for

3 mercy and grace.  Thank you, Your Honor.

4 THE COURT:  Okay.  I can do mercy, but I don't do

5 grace.  It is not within my quiver of tools.

6 The Federal Sentencing Guidelines are a starting

7 point.  It is my obligation to accurately calculate them and

8 use them as a starting point, but I actually sentence under 18

9 U.S.C. Section 3553, which is the Federal Sentencing Statute.

10 I must impose a sentence that is sufficient, but no greater

11 than necessary to meet the goals and purposes of that statute,

12 which are the need for the sentence imposed; number one, to

13 reflect the seriousness of the offense, promote respect for

14 the law and provide just punishment for the offense; second,

15 to afford adequate deterrence to criminal conduct; third, to

16 protect the public from further crimes you might commit;

17 lastly, to provide you with needed educational or vocational

18 training, medical care or other correctional treatment in the

19 most effective manner.  In doing that, I consider the kinds of

20 sentences available, I endeavor to avoid unwarranted

21 sentencing disparities among defendants found guilty of

22 similar conduct who have similar records, and in doing all of

23 that I consider the nature and circumstances of the offense

24 and the history and characteristics of the defendant.

25 Counsel, as is my habit, I am going to touch on a few

1    of the factors and I am going to give them basically short

2    shrift only because Congress has basically determined the

3    sentence in this case.  It is not that I am not interested in

4    discussing them or I don't think they are important or I don't

5    have something to say, it is just that the mandatory minimum

6    has been set by Congress and in this case I think it is an

7    appropriate sentence.

8            Standing before the Court is a defendant facing a

9    sentence in prison for his involvement in enticing a minor and

10   traveling to engage in illicit sexual conduct with her.

11   Specifically, he met a female minor, age 15, through an

12   internet chat room and began to communicate with her via

13   Facebook messaging.  Many of the messages became sexual in

14   nature.  The defendant ultimately traveled from Kentucky to

15   Illinois to take the victim to a hotel room where they engaged

16   in sexual relations.  He entered a plea of guilty in a timely

17   fashion, accepted responsibility for his criminal conduct and

18   I believe that he is genuinely remorseful.  He has no criminal

19   history points resulting in a category or classification and

20   aside from this offense I couldn't even locate a separate

21   arrest.  This is a serious offense.  We have a 15-year old

22   woman who is not mature enough to make the decision to engage

23   in the conduct she did and we can only speculate, but I would

24   presume that nothing occurred in this relationship that is

25   going to be positive for her in the future in terms of

1   developing or maintaining future relationships.  I don't have

2   a prediction as to whether this defendant is likely to

3   recidivate or not.  I can say based upon his lack of criminal

4   history, the guidelines teach us that he probably is less

5   likely to than someone who had a criminal history, but then

6   again, this is a sex offense and the data on sex offenses is

7   very, very spotty, so I don't know.

8         He is 25 years old.  Mr. Frazier, with a ten-year

9   sentence you will have to do eight years and six months.  You

10  will get credit for roughly the eight months you have done

11  already.  You will go into a halfway house six months before

12  you're released, so the bottom line is you are going to be

13  doing about seven years and four months.  You'll be roughly 32

14  when you get out.  That is still very young.  I will point out

15  you couldn't even run for president because you wouldn't be

16  old enough.  While this is a lengthy sentence and at a very

17  important time in your life, I would suggest to you if you

18  keep a positive attitude and commit yourself to do positive

19  things that you will be fine when you get out.  Even though

20  this particular sentence is almost 50 percent of the life you

21  have lived on this earth so far, I think that sentence is

22  sufficient but not greater than necessary to meet the goals

23  and purposes of 18 U.S.C. without being greater than necessary

24  to do so.

25         I am going to place you on the minimum of supervised

1  release, which is five years.  Again, with sex offenders we

2  simply don't know about recidivism and that type of thing, but

3  based upon paragraph 95 of your Presentence Report, the

4  proposed terms and conditions of supervised release that is

5  required, which is the Sex Offender Registration and

6  Notification Act, that is a lifetime of registration and

7  monitoring.  So even though the five years is the minimum that

8  can also be increased and I think that is sufficient at this

9  juncture.

10        I agree with your attorney and his argument that you

11  are incapable of paying a fine in the guideline range, so I am

12  going to depart downward to $150 per count for a total of $300

13  fine and $100 per count special assessment for a total of

14  $200, therefore, your complete financial obligation is $500.

15  If you can't pay that immediately, whatever remains, whatever

16  balance remains when you start supervised release will become

17  a condition of supervised release and at that time you will

18  pay in equal monthly installments of $50 or ten percent of

19  your net monthly income.

20        I am going to recommend the Residential Drug Abuse

21  Program and I am going to recommend the sex offender treatment

22  program in Marion.  The Bureau of Prisons has to consider my

23  recommendations but don't have to follow them.  You will see

24  where I recommend that.  I hope you get into that.  I doubt if

25  you do qualify for the Residential Drug Abuse Program that you

will get the good time associated with it because of the

nature of the offense, but that is my experience.  I am not

saying you won't.  Even if you don't, I think it would be a

good program for you given the history of prescription drug

abuse you have had as a result of the physical injuries you

had.

I see that you signed a document entitled Defendant's

Full Waiver of Reading of Terms and Conditions of Supervision

in open Court in the Sentencing Proceeding.  By signing this

you agree to the imposition of all the terms and conditions of

supervised release in your Presentence Report from paragraphs

91 to 114.  You agree to their justification also and you

agree that I will not be reading them to you.  Do you

understand that?

MR. FRAZIER:  Yes, Your Honor.

THE COURT:  Is it fair to say you have had adequate

time to go over those with your lawyer?

MR. FRAZIER:  Yes, Your Honor.

THE COURT:  Do you have any questions about your

sentence or anything that occurred today?

MR. FRAZIER:  No, Your Honor.

THE COURT:  You have a right to appeal the sentence

and conviction in this case if you want to do so.  Any appeal

has to be filed within 14 days of me entering judgment in your

case or your rights of appeal are gone forever and you are

1  stuck with the sentence of conviction.  If you can't afford an

2  attorney to handle the appeal for you, I will appoint one to

3  represent you at no charge.  I'll waive the filing and

4  docketing fee for appeals which total $505 and I'll have the

5  court reporter prepare the transcript of the proceedings so

6  the Court of Appeals has a record of everything that occurred

7  here.  Do you understand your rights of appeal?

8         MR. FRAZIER:  Yes, Your Honor.

9         THE COURT:  Anything further on behalf of the

10  Government?

11         MS. REPPERT:  No, Your Honor.  Thank you.

12         THE COURT:  Any further amplification of 3553

13  requested?

14         MS. REPPERT:  No, Your Honor.

15         THE COURT:  Mr. Milone, any further expansion on the

16  3553 factors?

17         MR. MALONE:  No, Your Honor.

18         THE COURT:  That is 120 on each count concurrent, not

19  consecutive, so the total sentence is 120 months.  So every

20  day you do on Count 1, you get credit on Count 2, so it is not

21  240 months, it is 120 months.  The record will also show

22  consistent with the Court Administration Committee's

23  recommendations of the judicial conference we have gone to

24  side bar in this case.  Miss Reppert, anything else?

25         MS. REPPERT:  No, thank you, Your Honor.

1          THE COURT:  Mr. Milone?

2          MR. MALONE:  No, thank you, Your Honor.

3          THE COURT:  Good luck, Mr. Frazier.  Thank you

4    marshals.  All rise.

5

6

7

8

9

10

11

12

13

14

15

16

17

18      (Court is adjourned.)

19

20          I certify that the foregoing is a correct transcript
from the record of proceedings in the above-entitled matter.

21
     SS/Barbara Kniepmann                    July 27, 2023
22

23

24

25